UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**AWGI, LLC, ATLAS LOGISTICS, INC. and ATLAS VAN LINES, INC.,**

 **Plaintiffs,**

   v.

**ATLAS TRUCKING COMPANY, L.L.C., ATLAS LOGISTICS, L.L.C., and EATON STEEL BAR COMPANY, INC.,**

 **Defendants.**

Case No.: 17-cv-12131

## VERIFIED COMPLAINT

 AWGI, LLC (hereinafter referred to as "AWGI," and/or "Plaintiff"), Atlas Logistics, Inc. (hereinafter referred to as "Logistics" and/or "Plaintiff"), and Atlas Van Lines, Inc. (hereinafter referred to as "Atlas" and/or "Plaintiff") for their Complaint against the Defendants, allege and state:

  **I.**     **Nature of the action**

 1. In 1948, a group of 33 entrepreneurs in the moving and storage industry formed an alliance. They would help one another build their businesses by better serving customers. They envisioned a cooperative from coast to coast, owned by themselves, doing business according to the golden rule. They took the name "Atlas Van Lines."

 2. Since its inception, "Atlas" has become an international brand, providing comprehensive global goods and services to people and businesses who seek assistance in moving and storage. The Atlas family of companies includes more than 430 independent Atlas agencies across the U.S. and Canada, plus authorized partners in 140 countries, which work in concert to bring reliable, worry-free service to customers every day.

3.      Plaintiff Logistics has provided commercial logistics services since 1970, including but not limited to supply chain management; padded-van transportation; freight brokerage and project management.

4.      Plaintiff Logistics provides its logistics services to the following industries, retail; store fixtures; manufacturing; capital goods; raw materials; healthcare; medical equipment; electronics; hospitality; restaurant; fine art; and exhibits.

5.      In 2009, Atlas became among the first in the industry to receive the ProMover® designation, a quality credential of the American Moving and Storage Association. Atlas enjoys an A+ rating from the Better Business Bureau, and encourages outstanding efforts by its many agencies by conferring awards to Atlas agencies who exceed Atlas standards for service excellence.

6.      Atlas strives to help make the world a better place by offering its Sustainable Agent Certification to agencies who reduce waste, recycle, and invest in "green" facilities.  Further, Atlas has partnered with Move for Hunger, a non-profit organization that fights nationwide hunger by gathering non-perishable food items to deliver to local community food banks.

7.      As a result of Atlas' efforts, Atlas has achieved substantial goodwill in its trademarks and service marks, as well as commercial success, recognition and acceptance.

8.      AWGI's catalog of trademarks and service marks, some of which have become incontestable and famous, are of a value to Atlas and AWGI which cannot be estimated.

9.      Defendant Atlas Trucking Company, L.L.C. (hereinafter "Atlas Trucking" or "Defendant"), Defendant Atlas Logistics, L.L.C. (hereinafter "Atlas Logistics" or "Defendant"), and Defendant Eaton Steel Bar Company, Inc. (hereinafter "Eaton" or "Defendant") ("Atlas Trucking", "Atlas Logistics" and "Eaton" are collectively referred to as "Defendants") hold

themselves out to the public as affiliate businesses offering common and contract freight carrier services in the United States and Canada.

10.     The Defendants, recognizing the significant goodwill and impeccable reputation associated with Atlas and its licensed agents, decided to offer their services to the public under the business names Atlas Trucking and Atlas Logistics.  The Defendants have incorporated the "Atlas" and "Atlas Logistics" marks into their advertising and marketing materials in hopes of associating their business activities with Plaintiffs' goodwill and reputation.

## II.             Parties and Jurisdiction

11.     Plaintiff AWGI is a limited liability company organized under the laws of the state of Delaware, with its principal place of business in St. Louis, Missouri.

12.     Plaintiff Atlas is a Delaware corporation, with its principal place of business in Evansville, Indiana.

13.     Plaintiff Logistics is an Indiana corporation with its principal place of business in Evansville, Indiana.

14.     Defendant Atlas Trucking is a limited liability company organized under the laws of the State of Michigan, with its principal place of business in Taylor, Michigan.

15.     Defendant Atlas Logistics is a limited liability company organized under the laws of the State of Michigan, with its principal place of business in Taylor, Michigan.

16.     Defendant Eaton is a Michigan corporation, with its principal place of business in Oak Park, Michigan.

17.     This action arises under the trademark laws of the United States and the laws of unfair competition.  It is brought pursuant to the Lanham Act, 15 U.S.C. §1501, *et seq*., and the common law.

3

18.     This Court has jurisdiction over the subject matter of this case pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1338(a) and 1367.

19.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c).

### III.              Plaintiffs' Marks

20.     Since at least 1948, Plaintiff Atlas has offered services to the public involving the transportation and storage of goods.

21.     Since at least 1970, Plaintiff Logistics has offered commercial logistics services to the public including supply chain management, freight brokerage and project management.

22.     On November 9, 2009, Plaintiff Atlas and Atlas Investment Company, Inc. assigned all their right, title and interest in their trademark and service mark registrations to Plaintiff AWGI via instrument numbers 900148744A, 900148730A, 900148741A, 900148739A, and 900148743A.

23.     Relevant to the Defendants' infringement, AWGI is the owner of the following registered trademark and service marks (the "Atlas Marks"):

| Mark | Registration No. | Services |
|------|------------------|----------|
| ATLAS | 3,718,117 | IC 039:  Freight forwarding services; Transportation of household goods of others |
| ATLAS LOGISTICS | 4,737,616 | IC 035:  Business management consultancy in the field of transport and delivery; Providing electronic tracking of freight information to others for business administration purposes; Providing tracking services and information concerning tracking of assets in transit, namely, vehicles, trailers, drivers, cargo and delivery containers for business inventory purposes; Transportation logistics services, namely, arranging the transportation of goods for others |

| | | | |
|---|---|---|---|
| | | IC 039: | Distribution services, namely, delivery of restaurant equipment, namely, tables, chairs, booths and shelving; Distribution services, namely, delivery of healthcare facility furniture and equipment, namely, hospital beds, overhead tables, lockers, office furniture and shelving; Distribution services, namely, delivery of fine arts; Transport of general commodities and special products by truck and/or motor van, train, air and ocean; Transportation and storage of goods; Warehousing information; Warehousing services |
|  | 3,137,526 | IC 025:<br><br>IC 026: | Clothing, namely hats and shirts<br><br>Cloth patches for clothing |
| ATLAS--THE AGENTS' VAN LINE | 1,591,344 | IC 039: | Transportation of household goods by motor van |

24.     The "Atlas" service mark, Reg. No. 3,718,117 (the "'117 Mark"), the "A Atlas" trademark, Reg. No. 3,137,526 (the "'526 Mark) and the Atlas--The Agents' Van Line service mark, Reg. No. 1,591,344 (the "'344 Mark") are incontestable and considered famous.

25.     Plaintiffs Atlas and Logistics continue to enjoy a license to the Atlas Marks.

26.     The connection between the Atlas Marks and Plaintiffs Atlas and Logistics has been strengthened in the public mind because of decades of extensive use, promotion, advertising and community involvement by Atlas and Logistics.

27.     As a result of the high quality of the goods and services provided by Atlas and Logistics and as a result of the extensive promotion of that business, substantial goodwill has been developed in the Atlas Marks.

28.     Atlas and Logistics have used the Atlas Marks in interstate commerce throughout the United States prior to the Defendants' acts complained of in this Complaint.

29.     As a result of the longstanding offering of goods and services in the transportation industry, as well as the use of the Atlas Marks in connection with the offering of such goods and services, Atlas' and Logistics' brands of goods and services has earned commercial success, recognition and acceptance.

30.     The Atlas Marks and the goodwill of the business associated therewith are of a value to AWGI, Atlas and Logistics which cannot be estimated.

### IV.          Defendants' Infringement

31.     Defendants Atlas Trucking and Atlas Logistics advertise their services by, among other things, publishing a website located at www.atlastrucking.com (the "Atlas Trucking Website").  The website displays several uses of the term "Atlas Trucking," and the term "Atlas Logistics," as well as a stylized logo which uses the "Atlas" word mark, as seen below (the "Infringing Logo"):



32.     Defendant Eaton also advertises the services of Atlas Trucking and Atlas Logistics on its website www.eatonsteel.com (hereinafter the "Eaton Website") (together with the Atlas Trucking website, the "Infringing Websites").  The Eaton Website displays several uses of the

term "Atlas Trucking" and the term "Atlas Logistics" as well as multiple images which display the Infringing Logo.

33. The Defendants advertise their freight carrier services further through display of the Infringing Logo on their trucks, as seen below:






34. Images of the Defendants' use of the Infringing Logo on their trucks are also displayed on the Infringing Websites.

35. The Defendants' display of the Infringing Logo on their trucks is confusingly similar to the way Plaintiff Atlas displays the '117 Mark on its trucks, as seen below:



36.    The Defendants also advertise their businesses through the display of the Infringing

Logo on clothing, as seen below:



37.    The Defendants' display of the Infringing Logo on clothing is confusingly similar

to the way Plaintiff Atlas displays the '526 Mark on clothing, as seen below:



38.     Upon initially discovering the infringement, AWGI sent Atlas Trucking and Atlas Logistics a cease and desist letter on January 10, 2012.  **See Exhibit A**.

39.     On January 23, 2012, Atlas Trucking and Atlas Logistics responded and claimed that their services consisted only of transporting steel products on flatbed trucks (the "Response Letter").  **See Exhibit B**.  The Response Letter claimed that Atlas Trucking and Atlas Logistics used only flatbed trucks and their only use was limited to transportation of steel products whereas Plaintiffs used closed trailer trucks to transport household goods.  Because of such differences, Defendants Atlas Trucking and Atlas Logistics argued that there was no likelihood of confusion between the parties and their use of nearly identical marks.

40.     Upon further investigation and despite the representations made by Defendants Atlas Trucking and Atlas Logistics in the Response Letter, the Atlas Trucking Website states ". . . we can deliver any kind of cargo anywhere. . ."  The Atlas Trucking Website also has a photo gallery of its trucks which include several variations of closed trailer trucks similar to those of Atlas'.  The website boasts: "With a full fleet of truck and trailer configurations, Atlas [Trucking] can deliver cargo of all kinds in total loads (TL)."

41.     The Eaton Website also displays images of closed trailer trucks bearing the Infringing Logo.  Clearly, the Defendants' services are not limited to merely flatbed truck transportation of steel products.

42.     Upon discovery that the representations made by Defendants Atlas Trucking and Atlas Logistics in the Response Letter were false, and uncovering further instances of infringement committed by the Defendants, AWGI sent another cease and desist letter on November 17, 2016. **See Exhibit C.**  The Defendants have failed to cease their continued infringement, or to otherwise comply with AWGI's demands.

9

## COUNT I
### Trademark Infringement of the '117 Mark Under 15 U.S.C. §1125(a)(1)

43.     Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 - 42.

44.     The Defendants' use of the mark "Atlas" and use of the Infringing Logo in connection with the sale, offering for sale, distribution, and advertising of their services is likely to cause confusion, to cause mistake, or to deceive consumers in relation to the "Atlas" service mark, Reg. No. 3,718,117.

45.     The Defendants' use of the mark "Atlas" and use of the Infringing Logo implies an affiliation with the Plaintiffs which does not exist, and is likely to cause confusion as to the source, sponsorship, origin, or approval of the Defendants' services.

46.     The Defendants' use of the mark "Atlas" and use of the Infringing Logo violates Section 43(a) of the Lanham Act, 15. U.S.C §1125(a)(1).  Plaintiffs are entitled to, among other relief, Defendants' profits, treble and statutory damages under 15 U.S.C. §§1117(a)-(c). Furthermore, Plaintiffs are entitled to an award of reasonable attorneys' fees as this case is exceptional.

## COUNT II
### Trademark Infringement of the '616 Mark Under 15 U.S.C. §1125(a)(1)

47.     Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 - 42.

48.     The Defendants' use of the mark "Atlas Logistics" in connection with the sale, offering for sale, distribution, and advertising of their services is likely to cause confusion, to cause mistake, or to deceive consumers in relation to the "Atlas Logistics" service mark, Reg. No. 4,737,616.

49.     The Defendants' use of the mark "Atlas Logistics" implies an affiliation with the Plaintiffs which does not exist, and is likely to cause confusion as to the source, sponsorship, origin, or approval of the Defendants' services.

50.     The Defendants' use of the mark "Atlas Logistics" violates Section 43(a) of the Lanham Act, 15. U.S.C §1125(a)(1).  Plaintiffs are entitled to, among other relief, Defendants' profits, treble and statutory damages under 15 U.S.C. §§1117(a)-(c).  Furthermore, Plaintiffs are entitled to an award of reasonable attorneys' fees as this case is exceptional.

### COUNT III
### Trademark Infringement of the '526 Mark Under 15 U.S.C. §1125(a)(1)

51.     Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 - 42.

52.     The Defendants' use of the mark "Atlas" and use of the Infringing Logo in connection with the sale, offering for sale, distribution, and advertising of their services is likely to cause confusion, to cause mistake, or to deceive consumers in relation to the "Stylized A, Atlas" trademark Reg. No. 3,137,526.

53.     The Defendants' use of the mark "Atlas" and use of the Infringing Logo implies an affiliation with the Plaintiffs which does not exist, and is likely to cause confusion as to the source, sponsorship, origin, or approval of the Defendants' services.

54.     The Defendants' use of the mark "Atlas" and use of the Infringing Logo violates Section 43(a) of the Lanham Act, 15. U.S.C §1125(a)(1).  Plaintiffs are entitled to, among other relief, Defendants' profits, treble and statutory damages under 15 U.S.C. §§1117(a)-(c). Furthermore, Plaintiffs are entitled to an award of reasonable attorneys' fees as this case is exceptional.

### COUNT IV
### Trademark Infringement of the '344 Mark Under 15 U.S.C. §1125(a)(1)

55.     Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 - 42.

56.     The Defendants' use of the mark "Atlas" in connection with the sale, offering for sale, distribution, and advertising of their services is likely to cause confusion, to cause mistake,

or to deceive consumers in relation to the "Atlas--The Agents' Van Line" service mark, Reg. No. 1,591,344.

57.     The Defendants' use of the mark "Atlas" implies an affiliation with the Plaintiffs which does not exist, and is likely to cause confusion as to the source, sponsorship, origin, or approval of the Defendants' services.

58.     The Defendants' use of the mark "Atlas" violates Section 43(a) of the Lanham Act, 15. U.S.C §1125(a)(1).  Plaintiffs are entitled to, among other relief, Defendants' profits, treble and statutory damages under 15 U.S.C. §§1117(a)-(c).  Furthermore, Plaintiffs are entitled to an award of reasonable attorneys' fees as this case is exceptional.

**COUNT V**
**Trademark Counterfeiting of the '117 Mark Under 15 U.S.C. §1114(1)(a)**

59.     Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 - 42.

60.     The Defendants' use of the mark "Atlas" in connection with the sale, offering for sale, distribution, and advertising of their goods and services is likely to cause confusion, to cause mistake, or to deceive consumers in relation to the '117 Mark.

61.     The Defendants' use of the mark "Atlas" implies an affiliation with the Plaintiffs which doesn't exist, and is likely to cause confusion as to the source, sponsorship, origin, or approval of the Defendants' services.

62.     The Defendants' use of the mark "Atlas" violates Section 32(1) of the Lanham Act, 15. U.S.C §1114(1)(a).  As a result of such violation, the Defendants have caused damage to the Plaintiffs.  Plaintiffs are entitled to, among other relief, Defendants' profits, treble and statutory damages under 15 U.S.C. §§1117(a)-(c).  Furthermore, Plaintiffs are entitled to an award of reasonable attorneys' fees as this case is exceptional.

## COUNT VI
### Trademark Counterfeiting of the '616 Mark Under 15 U.S.C. §1114(1)(a)

63.     Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 - 42.

64.     The Defendants' use of the mark "Atlas Logistics" in connection with the sale, offering for sale, distribution, and advertising of their services is likely to cause confusion, to cause mistake, or to deceive consumers in relation to the '616 Mark.

65.     The Defendants' use of the mark "Atlas Logistics" implies an affiliation with the Plaintiffs which doesn't exist, and is likely to cause confusion as to the source, sponsorship, origin, or approval of the Defendants' services.

66.     The Defendants' use of the mark "Atlas Logistics" violates Section 32(1) of the Lanham Act, 15. U.S.C §1114(1)(a).  Plaintiffs are entitled to, among other relief, Defendants' profits, treble and statutory damages under 15 U.S.C. §§1117(a)-(c).  Furthermore, Plaintiffs are entitled to an award of reasonable attorneys' fees as this case is exceptional.

## COUNT VII
### Common Law Unfair Competition

67.     Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 - 42.

68.     The Defendants' use of the word marks "Atlas" and "Atlas Logistics," and use of the Infringing Logo in connection with the sale, offering for sale, distribution, and advertising of their services is likely to cause confusion, to cause mistake, or to deceive consumers as to the source, sponsorship, origin, or approval of the Defendants' services.

69.     The Defendants' use of the word marks "Atlas" and "Atlas Logistics," and use of the Infringing Logo constitutes common law unfair competition.  As a result of such violation, the Defendants have caused damage to the Plaintiffs, and Plaintiffs are entitled to all proper relief.

2:17-cv-12131-SFC-DRG   Doc # 1   Filed 06/29/17   Pg 14 of 17   Pg ID 14

V.                    **Prayer for relief**

**WHEREFORE**, AWGI, LLC, Atlas Logistics, Inc. and Atlas Van Lines, Inc. pray that this Court enter judgment in their favor on each and every claim for relief set forth above and award it relief including, but not limited to, the following:

A.      Restitution and disgorgement;

B.      Damages, including but not limited to statutory and treble damages, in an amount to be determined at trial;

C.      The Defendants' profits from sales derived during all periods of wrongful use of the Atlas Marks;

D.      Punitive damages;

E.      Attorneys' fees pursuant to statute;

F.      A permanent injunction as to any all confusingly similar uses of Plaintiffs' marks;

G.      The transfer to Plaintiffs' of any and all social media accounts incorporating Plaintiffs' marks; and

H.      Such other relief as this court may deem appropriate.


Dated:      June 29, 2017                Respectfully submitted,


                                         */s/ Stephen D. Kursman*
                                         Stephen D. Kursman (P37902)
                                         Lisa M. Okasinski (P78470)
                                         **DEMOREST LAW FIRM, PLLC**
                                         322 West Lincoln Avenue
                                         Royal Oak, Michigan 48067
                                         Telephone: 248-723-5500
                                         steve@demolaw.com
                                         lisa@demolaw.com

                                         *-and-*

*/s/ Mark F. Warzecha*
Mark F. Warzecha, Esq.
Florida Bar No. 0095779
**WIDERMAN MALEK, PL**
1990 W. New Haven Ave. Suite 201
Melbourne, Florida 32904
Telephone:    321-255-2332
Facsimile:    321-255-2351
MFW@USLegalTeam.com
**Attorneys for Plaintiff**

## **VERIFICATION**

I, Kevin Cecil, certify:

1.      I am the Assistant Secretary and Assistant Treasurer of the Plaintiff, AWGI, LLC.

2.      I have read the Verified Complaint and any attachments hereto, and to the best of my knowledge, information and belief, the allegations contained in the Verified Complaint are true and accurate.

_____

for AWGI, LLC

Dated:_____6 -28- 2017_____

## **VERIFICATION**

I, Donald J. Breivogel, Jr., certify:

1.      I am the Sr. Vice President and Chief Financial Officer of the Plaintiff, Atlas Van Lines, Inc.

2.      I have read the Verified Complaint and any attachments hereto, and to the best of my knowledge, information and belief, the allegations contained in the Verified Complaint are true and accurate.

_____

for Atlas Van Lines, Inc.

Dated:_____6-27-17_____

15

## **VERIFICATION**

I, Donald J. Breivogel, Jr., certify:

1.     I am the Treasurer of the Plaintiff, Atlas Logistics, Inc.

2.     I have read the Verified Complaint and any attachments hereto, and to the best of my knowledge, information and belief, the allegations contained in the Verified Complaint are true and accurate.

_____
for Atlas Logistics, Inc.

Dated:_____6/28/17_____

16