UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AWGI, L.L.C.; Atlas Logistics, Inc.; and
Atlas Van Lines, Inc.

    Plaintiffs,

v.                                            Case No. 17-12131

Atlas Trucking Company, L.L.C.; Atlas     Sean F. Cox
Logistics, L.L.C.; and Eaton Steel Bar      United States District Court Judge
Company, Inc.,

    Defendants.
_____/

## ORDER DENYING MOTION TO REMOVE TECHNICAL ADVISOR

On August 26, 2019, the Court held a final pre-trial conference. At this conference, the Court indicated that it was inclined to appoint Christopher G. Darrow as a technical advisor to the Court in this matter, and asked if any of the parties objected to this appointment. No party objected. Darrow's appointment, and the parties' agreement to it, was placed on the record. The Court issued the appropriate written order. (ECF No. 113).

On October 18, 2019, Defendants filed a motion to remove Darrow from his role as technical advisor to the Court. (ECF No. 116). Plaintiffs filed a response (ECF No. 118), and Defendants filed a reply. (ECF No. 119). Because the Court concludes that oral argument will not aid the decisional process, the Court will decide the motion on the parties' briefing. Local Rule 7.1(f)(2).

The parties appear to agree that the decision to appoint a technical advisor is within the Court's inherent authority and generally left to its sound discretion. *See Reilly v. United States*, 863 F.2d 149, 154 n. 4 (1st. Cir. 1988); *see also Ex parte Peterson*, 253 U.S. 300, 312-13 (1920). After

1

reviewing the parties's briefing and the cases cited therein, and based on the Court's intimate knowledge of the issues and other facts and circumstances of this case, the Court concludes that it is appropriate for Darrow to serve as a technical advisor to the Court. The Court notes that, until this motion was filed, the parties also agreed that it was appropriate for Darrow to serve as a technical advisor to the Court, as evidenced by their statements at the August 26, 2019 final pre-trial conference.

In the briefing on this motion, the parties discuss whether this motion is properly thought of as being a motion for reconsideration or a Rule 60(b) motion. The Court construes this motion as being an appeal to the Court' inherent authority regarding technical advisors. However, to the extent this motion could be construed as a motion for reconsideration, it is untimely. *See* Local Rule 7.1(h)(1) ("A motion for. . . reconsideration must be filed within 14 days after entry of the judgment or order."). And, to the extent this motion could be construed as a Rule 60(b) motion, the Court finds that none of the circumstances enumerated in that rule applies here. Despite Defendants' assertion that their prior agreement was a "mistake," there is no indication that they agreed to Darrow's appointment without understanding what they were agreeing to.

Of course, the Court is aware that Darrow may not influence—in any way—the Court's legal or factual conclusions. *See Reilly*, 863 F.2d at 157-58 (noting that technical advisors "may not be allowed to usurp the judicial function"). Rather, he will only be available to help the Court educate itself in the "jargon and theory" disclosed by the testimony and evidence, if the Court concludes that his expertise would properly aid it. *Id*. at 158.

For these reasons, the Court **DENIES** Defendants' motion to remove the technical advisor. (ECF No. 116).

**IT IS SO ORDERED**.

                                            s/Sean F. Cox
                                            Sean F. Cox
                                            United States District Judge

Dated: November 22, 2019